UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EMILIO MORONTA VASQUEZ,                                    Civil Action No.

                                    Plaintiff,

            -against-

SAN NICHOLAS RENOVATION, CORP. and
E.N.E VICTORY CORP.,

                                    Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, EMILIO MORONTA VASQUEZ (hereinafter, "Plaintiff"), as and for his

Complaint against Defendants, SAN NICHOLAS RENOVATION, CORP. and E.N.E

VICTORY CORP. (hereinafter, "Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act (hereinafter,

the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the

New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Law")

to recover unpaid overtime compensation and for other relief.

2.      Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of

the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that

they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a

substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

5.     Plaintiff was employed by Defendants as a laborer from on or about July 25, 2013 until on or about May 11, 2016.

6.     Defendant SAN NICHOLAS RENOVATION, CORP. (hereinafter, "San Nicholas") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.     Defendant E.N.E VICTORY CORP. (hereinafter, "ENE Victory") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Upon information and belief, San Nicholas and ENE Victory operate or have operated a construction and maintenance company located at 84-17 89th Street, Woodhaven, New York 11421.

**FACTS**

9.     At all times relevant to this action, Plaintiff was employed as a construction and maintenance worker for the benefit and at the direction of Defendants at the Box House Hotel located at 77 Box Street, Brooklyn, New York 11222.

10.    Plaintiff's responsibilities included installing insulation, sheet rock, and flooring, painting, cleaning, repairing floors, and fixing toilets.

11.    During his employment, Plaintiff worked six days per week, Monday through Saturday, from 8:00 a.m. until 4:30 p.m.

12.    During his employment, Plaintiff received a thirty-minute meal break each day that he worked.

13.    During his employment, Plaintiff worked forty-eight (48) hours per week.

14.     From on or about July 25, 2013 until on or about July 25, 2015, Defendants paid Plaintiff in cash on a weekly basis.

15.     From on or about July 25, 2015 until the end of his employment, Defendants paid Plaintiff partly in cash and partly by check on a weekly basis.

16.     During his employment, Defendants paid Plaintiff by the day.

17.     During his employment, Defendants first paid Plaintiff $90.00 a day and then paid Plaintiff $100.00 a day.

18.     During his employment, Defendants did not require Plaintiff to clock in or out for any of his shifts.

19.     During his employment, Defendants did not record the hours plaintiff worked each day and each week.

20.     During his employment, Defendants did not pay Plaintiff overtime compensation.

21.     During his employment, Defendants did not pay Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours each week.

22.     During his employment, Defendants failed to provide Plaintiff with wage notices as required by NYLL § 195(1).

23.     During his employment, Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3).

24.     During his employment, Plaintiff requested weekly pay stubs that indicated his weekly hours; however, Defendants failed and refused to provide such weekly earnings statements.

- 3 -

25. Defendants managed Plaintiff's employment, including the amount of overtime worked.

26. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

27. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

28. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Claim

29. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

30. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

31. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce or in the production of goods for commerce.

32. Upon information and belief, the gross annual volume of sales made or business done by Defendants for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

- 4 -

33.    At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who worked as a laborer.

34.    At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

35.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

36.    By the above-alleged conduct, Defendants violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

37.    Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

38.    However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions.

39.    Defendants acted willfully and either knew that their conduct violated the FLSA or showed reckless disregard for the matter of whether their conduct violated the FLSA.

40.    Defendants did not act in good faith with respect to the conduct alleged herein.

41.    As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

42.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

43.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

44.     Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

45.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law.

46.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendants.

47.     Plaintiff is not exempt from the overtime provisions of the New York Labor Law, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

48.     Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.  Defendants did not act in good faith with respect to the conduct alleged herein.

- 6 -

49.    As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
### NYLL Violation – Failure to Provide Wage Notices

50.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

51.    Defendants willfully failed to furnish Plaintiff with wage notices during the entirety of his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rate of pay and overtime rate of pay.

52.    Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

53.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
### NYLL Violation – Failure to Provide Wage Statements

54.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

55.     Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

56.     Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

57.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.     Declare and find that the Defendants committed one or more of the following acts:

1.  Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

2.  Willfully violated the overtime provisions of the FLSA;

3.  Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff;

4.  Willfully violated the overtime provisions of the NYLL;

5.  Violated the wage notice and wage statement requirements of the NYLL;

B.  Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.  Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D.  Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E.  Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 14, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **The Box House Hotel LLC, San Nicholas Renovation, Corp., E.N.E Victory Corp., _____** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **The Box House Hotel LLC, San Nicholas Renovation, Corp., E.N.E Victory Corp., _____** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Firma (Signature)

Emilio O Vasquez Moronta

2082 Hughes Ave. Apt 55

Bronx, NY,

- 1 -